# EXHIBIT 18

**ABELMAN, FRAYNE & SCHWAB**
Attorneys at Law
666 Third Avenue
New York, NY 10017-5612

Telephone: (212) 949-9022
Facsimile: (212) 949-9190

Cable: LAWABEL New York
Telex: 661108 and 276592
Internet: e-mail@lawabel.com

Lawrence E. Abelman
Jeffrey A. Schwab
Victor M. Tannenbaum
Peter J. Lynfield
Alan J. Hartnick
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Jonathan W. Gumport
Julie B. Seyler
Marie Anne Mastrovito
Joseph J. Catenzaro
Anthony A. Coppola
Richard L. Crisona
Ned W. Branthover

Writer's Direct e-mail:
aacoppola@lawabel.com

Of Counsel:
Norman S. Beier
Alan D. Gilliland
Thomas E. Spath
Melvin L. Ortner
Constance Golden
J. David Dainow
David Toren

Jay S. Cinamon
Anthony J. DiFilippi
Wayne J. Gu
Michael J. Schwab
Jennifer R. Waltman
Natasha J. Pinlen
Steven J. Quigley
Frank Terranella
Anthony J. Natoli
Steven M. Hertzberg
John H. Choi

June 4, 2007

**Via ECF Filing**
Hon. Steven M. Gold
United States District Court
  Eastern District of New York
Brooklyn Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Koon Chun Hing Kee Soy & Sauce Factory, Ltd.
  v. Star Mark Management, Inc., et. al. CV 04 2293 (JG)

Dear Judge Gold:

    We represent plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") in this matter and are writing in response to defendants' letter of May 31, 2007 requesting a pre-motion conference regarding their contemplated motion to amend their answer and counterclaim. We respectfully submit that no such conference is necessary; it is far too late in this case to even consider inserting new counterclaims into it.

    The counterclaims that defendants seek leave to add to their Answer at this late juncture (*i.e.*, trademark misuse, unclean hands under the Trademark Act, unfair and deceptive practices in violation of section 349 of the General Business Law of the State of New York, cancellation of plaintiff's trademark for KOON CHUN SAUCE FACTORY, and cancellation of plaintiff's trademark for KOON CHUN HOISIN SAUCE) arise from the same facts as the plaintiff's claims against the defendants and relate to the plaintiff's trademark - the infringement of which has already been found by Judge Bianco nearly five months ago. Even were the defendants' proposed counterclaims not thoroughly "specious," defendants could have and should have sought to asserted them long ago.

    That the proposed claims are frivolous will be apparent should it ever be necessary to reach their merits,[1] but in any case, defendants are simply too late in time to assert any counterclaims. Judge

---

[1] Defendants incredibly wish to assert the counterclaims apparently because the plaintiff uses the term "Hoisin Sauce" for its product at issue in this litigation and "hoisin" means "seafood sauce" in Chinese, but the plaintiff's Hoisin Sauce does not contain any seafood-related products. According to the defendants, plaintiff's use of the term "hoisin" is somehow misleading even though it is undisputed and indisputable that the ingredients, clearly listed on the label of the plaintiff's product, make no mention of a seafood or seafood by-product being present in the sauce. "Hoisin sauce" is a traditional sauce produced by numerous manufacturers, and the plaintiff does not make

**ABELMAN, FRAYNE & SCHWAB**

Hon. Steven M. Gold
June 4, 2007
Page 2

Bianco has already issued a finding of liability by the defendants in this matter, which is now the binding law of this case *(See* January 8, 2007 Order granting in pertinent part plaintiff's motion for summary judgment). In the Order, Judge Bianco referred this case to your Honor "to conduct an inquest and to issue a Report and Recommendation on damages." (See January 8, 2007 Order, p.21). The parties have subsequently stipulated to a trial before your Honor on the issue of damages and willful infringement. There are no issues left to be tried with respect to the plaintiff's trademark. The merits of the case have been dispositively determined. The nature of the proposed counterclaims is one that would require substantial discovery and would cause unreasonable delay and prejudice in finally adjudicating what is only the appropriate rewards to which plaintiff is entitled in light of defendants' willful conduct.

Moreover, the claims do not arise out of any newly discovered facts. Indeed, defendants already asserted affirmative defenses relating to the invalidity of plaintiff s trademark for KOON CHUN SAUCE FACTORY in its second Amended Answer which was filed nearly one year ago in June 2006 (ECF Doc #84). These affirmative defenses were unchanged from defendants' first Amended Answer filed in February 2005 (ECF Doc #31) and similar defenses were asserted in its original Answer filed in July 2004 (ECF Doc #9). The defendants did nothing with respect to these affirmative defenses in more than two years of open discovery in this case and the defenses were not even argued in defendants' opposition to plaintiffs' motion for summary judgment for trademark counterfeiting and infringement.

When an action is brought for counterfeiting of a trademark, a counterclaim calling into question the underlying registration is a compulsory counterclaim pursuant to Fed.R.Civ.P. 13(a). The time for filing counterclaims, especially compulsory counterclaims such as defendants propose to assert here, has passed. The defendants' Answer was originally filed almost three years ago. The counterclaims defendants wish to assert now relate to the plaintiff's trademark for which defendants were accused of counterfeiting and infringing. These counterclaims could have and should have been raised at the time of answering the Complaint or even at the time of filing the Amended Answers, the last of which was filed over one year ago. Now that the issue of liability has been decided, it is too late for defendants to make these assertions.

The facts that the defendants now claim give rise to their proposed counterclaims for trademark misuse, unclean hands and cancellation of the plaintiffs trademark KOON CHUN SAUCE FACTORY are, as presently understood, that the general design of the can which is used with all of plaintiff's products (a blue and yellow background which English characters "KOON CHUN SAUCE FACTORY" and their Chinese counterparts appearing in blue areas and various name of products appearing in yellow areas) when used with a particular product (e.g., Hoisin Sauce) gives a false impression that the whole label is a trademarked label.[2] Although defendants are apparently not

---

any proprietary claim to the use of the "hoisin sauce" term (nor could it). The original use of hoisin sauce was as a condiment in certain seafood recipes, hence the name. "It is used in cooking shellfish and fatty meats such as pork and duck." (See Encyclopedia Britannica, "Hoisin Sauce")(emphasis added). Hoisin sauce has no seafood in it just as "A1" Steak Sauce has no steak in it and Baby Oil is not made from babies.

[2] See defendants' letter of May 31, 2007.

ABELMAN, FRAYNE & SCHWAB

Hon. Steven M. Gold
June 4, 2007
Page 3

familiar with the validity of house brands or even the protectability of color schemes as trademarks, the allegations raised in the letter to the Court are certainly ones that could have been asserted at the outset of this litigation. Indeed, the use of the color scheme of Koon Chun products was known to the defendants even before the litigation was commenced given their previous distribution of Koon Chun products. Defendants do not even attempt to offer an excuse for not having raised these counterclaims earlier given that they knew of all the facts on which these claims are based as early as the filing of this case (if not earlier).[3]

Even crediting defendants' facially incredible assertion that they did not appreciate the "semantic" issues raised by the use of the "hoisin" term, the facts which purportedly support this claim - that there is no seafood or seafood product in hoisin sauce (which translated from Chinese means "seafood sauce") were raised at the latest in a deposition taken more than one year ago in April 2006 of a (ironically, a non-Chinese speaking) witness who indicated that he had not seen or known what Hoisin sauce was and thought Hoisin sauce had "oysters juice or oyster sauce in it." Even assuming that they, as native Chinese speakers did not appreciate a subtlety of the Chinese language that a non-speaker knew, defendants have no justifiable excuse for waiting more than one year to bring this "new" fact to the Court's attention or to use it as a basis to seek leave to amend their Answer and Counterclaim.

Defendants' motivation in seeking leave to try to assert these counterclaims at this eleventh hour is not mysterious or subtle. Defendants have already been found by the Court to have been selling counterfeit goods and they are facing an imminent trial of damages. This latest ploy is just another one in a long line of delaying tactics.

It is therefore respectfully submitted that there is no need for a pre-motion conference and that defendants' request for leave to amend its Answer should be dismissed outright as defendants' counterclaims are too late to be considered. Moreover, plaintiff further submits that exercises such as this take time and resources away from plaintiff's damages trial preparation, and so plaintiff respectfully submits that the Court direct that defendants be prohibited from making any further applications to the Court unless they specifically and exclusively address the only remaining issues in this case - plaintiff's damages and defendants' willfulness.

Respectfully submitted,

Anthony A. Coppola

AAC/tc
cc:  Bing Li, Esq. (Via ECF)
     Koon Chun Hing Kee Soy & Sauce Factory, Ltd.

---

[3] Defendants make some suggestion about filing a counterclaim seeking cancellation of the plaintiff's KOON CHUN HOISIN SAUCE trademark even though this trademark is not even part of the present litigation. Defendants lack standing to even assert this claim, and again offer no excuse for not having attempted to raise it earlier - such as before they were found liable for counterfeiting.

# EXHIBIT 19

Lawrence E. Abelman
Jeffrey A. Schwab
Victor M. Tannenbaum
Peter J. Lynfield
Alan J. Hartnick
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Jonathan W. Gumport
Julie B. Seyler
Marie Anne Mastrovito
Joseph J. Catenzaro
Anthony A. Coppola
Richard L. Crisona
Ned W. Branthover
Anthony J. DiFilippi
Harry K. Ahn
Michael J. Schwab
Natasha J. Burns
Jennifer Waitman

Writer's Direct e-mail:
aacoppola@lawabel.com

# ABELMAN, FRAYNE & SCHWAB
Attorneys at Law
666 Third Avenue
New York, NY  10017

Telephone: (212) 949-9022
Facsimile:  (212) 949-9190
e-mail@lawabel.com

Of Counsel:
Norman S. Beier
Alan D. Gilliland
Thomas E. Spath
Melvin L. Ortner
Constance Golden
J. David Dainow
David Toren

Jay S. Cinamon
Lori B. Cohen
Frank Terranella
Anthony J. Natoli
Steven M. Hertzberg
John H. Choi
John Price

*Alexander Zinchuk
(*Registered Patent Agent)

January 9, 2008

**Via e-mail**
Bing Li, Esq.
Law Offices of Bing LI, LLC
1350 Broadway, Suite 1001
New York, New York 10018-0947

**CONFIRMATION COPY**

Re:  <u>Star Mark v. Koon Chun - CV 07 3208</u>

Dear Mr. Li:

We are writing on behalf of defendant, Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") regarding the Complaint in the referenced matter which was recently received by Koon Chun.

It is our position that the Complaint contains claims that are not warranted by existing law, present frivolous arguments, have no evidentiary support, and has been filed merely to harass Koon Chun and to cause Koon Chun to bear unnecessary legal costs.

The Complaint is faulty for a number of reasons, including but not limited to the fact that:

1)  The Complaint fails to state any claim upon which relief can be granted;

2)  Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitations;

3)  The Compliant fails because 15 U.S.C. § 1119, the statute which you rely upon in seeking relief, alone does not create grounds for federal jurisdiction unless plaintiff has a federally registered trademark or there is an independent ground for federal jurisdiction and plaintiff does not meet either of these requirements;

ABELMAN, FRAYNE & SCHWAB

Bing Li, Esq.
January 9, 2008
Page 2

4) The Complaint fails because the plaintiffs did not first exhaust their administrative remedies before resorting to the Federal court;

5) The Complaint fails because plaintiffs are not consumers of Koon Chun products, do not hold a federal trademark registration similar to Koon Chun's and have suffered no harm -- therefore lack standing to bring this action; and

6) The action is already or will be barred by *res judicata* once the *Koon Chun v. Star Mark* (04 Civ. 2293 (JFB)(SMG)) judgment is made final.

Moreover, you previously presented allegations similar to those in the pending Complaint to the same Court in the matter of *Koon Chun v Star Mark*, 04-cv-2293 in the form of a request for a pre-motion conference to amend defendants' answer (see ECF Docket # 183). Koon Chun's response to your arguments and the arguments on why your claims were unreasonable were also presented to the Court in its response to your request (see ECF Docket # 184). You also filed a reply to our response (see ECF Docket # 185). A telephone conference before Judge Gold was held on June 20, 2007, where your arguments were fully heard.

At that time, Judge Gold commented that he did not believe your allegations were meritorious stating, "If it's [the amended answer motion] made and I deem it appropriate, I will consider whether Section 1927 of Title 28 warrants some kind of a sanction because frankly, nothing you've said so far has explained to me what possible good faith basis there could be for it." 14:8-12. Moreover, Judge Gold explained the reasons when he stated, "I do not see any bad faith in describing a sauce by food that it might accompany instead of by its ingredients. Number two, the ingredients are on the label. Number three, it could have been discovered before the summary judgment practice and there's no reason other than the fact that it didn't occur to anybody, that it wasn't, as is true of your remarks about the label. So given all of those factors, I just can't imagine how the motion could be responsibly granted..." 15:11 – 16:1

Based on our response and Judge Gold's remarks in the conference, we believe you were fully informed about the deficiencies in your claims and the Court's reactions. We find it highly questionable that you still proceeded to file this pending action making the same arguments.

In addition, in your Complaint, you alleged that Koon Chun's trademark, when used in connection with its goods, was materially and substantially altered without approval of the U.S.P.T.O.; and Koon Chun submitted false statements and fraudulent declarations about the use of its Trademark to the U.S.P.T.O. These allegations are unfounded and grossly inaccurate. In actuality, Koon Chun provided samples of the actual product labels containing the names of the products, weight information, and product's ingredient tables to the U.S.P.T.O during the registration and renewal processes. Such samples have been reviewed, approved and filed by U.S.P.T.O and are readily available for review at the U.S.P.T.O. web site.

ABELMAN, FRAYNE & SCHWAB

Bing Li, Esq.
January 9, 2008
Page 3

In view of the foregoing, it is evident that plaintiff's claims were asserted without a reasonable inquiry into the underlying facts; are not warranted under the controlling case law or a non-frivolous argument for extension of existing law; have no evidentiary support; and were asserted solely to harass defendant and to cause defendant to bear unnecessary legal costs and could not have been advanced in good faith. See e.g. *Jacques v. Dimarzio*, 216 F. Supp. 2d 139, 143 (E.D.N.Y. 2002) (Rule 11 sanctions imposed for counsel's failure to conduct a reasonable inquiry concerning the allegations in the complaint and his proceeding with a case that had no chance of success under the controlling case law and circumstances); *Gambello v. Time Warner Communs.*, 186 F Supp 2d. 209, 229 (E.D.N.Y. 2002) (Rule 11 sanction awarded against counsel where a reasonable inquiry prior to filing complaint would have revealed lack of evidentiary support and counsel continued to pursue meritless claims after being presented with the facts).

This letter will serve to provide you with notice that defendants will seek sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(A) if the Complaint is not withdrawn within twenty one (21) days of the date hereof. A copy of Koon Chun's Notice of Motion is attached for your reference.

Very truly yours,

Anthony A. Coppola

AAC/tc
cc: Koon Chun Hing Kee Soy & Sauce Factory, Ltd.

ABELMAN, FRAYNE & SCHWAB
Lawrence E. Abelman (LA 6486)
Anthony A. Coppola (AC 3548)
John H. Choi (JC 1286)
666 Third Avenue
New York, New York 10017
(212) 949-9022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

STAR MARK MANAGEMENT, INC., a
New York corporation, GREAT MARK
CORPORATION, a New York corporation,
and JIMMY ZHAN a/k/a YI Q. ZHAN,
individually and on behalf of Star Mark
Management, Inc. and Great Mark
Corporation,

      07 Civ. 3208 (JFB)(SG)

    *Plaintiffs*,

   -against-

KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD., a company organized under
the laws of Hong Kong,

    *Defendant.*
------------------------------------------------------X

## NOTICE OF DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS PURSUANT TO FED. R. CIV. P. 11(c)

PLEASE TAKE NOTICE THAT the undersigned attorneys for Defendant Koon Chun Hing Kee Soy & Sauce Factory, Ltd. will move before the Honorable Joseph F. Bianco, United States District Judge, at 225 Cadman Plaza East, Brooklyn, New York for (a) an Order granting Defendant's Motion for Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. Rule 11(c); and (b) such other relief as this Court may deem just and proper.

This motion will be based upon the accompanying Memorandum of law, the accompanying declaration of Raymond Chan and Anthony A. Coppola and the accompanying exhibits, all pleadings, and such additional oral or documentary evidence as may be received prior to or at a hearing on this Motion.

The Motion is based on the fact that the claims of the Complaint are not warranted by existing law, present frivolous arguments and were filed merely to harass Koon Chun. Moreover, the following facts demonstrate plaintiff's and their counsel's violation of their duties of representations to the Court pursuant to Fed. R. Civ. P. 11(b):

1) The Complaint fails to state any claim upon which relief can be granted;

2) Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitations;

3) The Complaint fails because 15 U.S.C. § 1119 alone, the statute which plaintiffs rely upon in seeking relief does not create grounds for federal court jurisdiction;

4) The Complaint fails because the plaintiffs did not first exhaust their administrative remedies before resorting to the Federal court;

5) The Complaint fails because plaintiffs are not consumers of Koon Chun products and have suffered no harm and therefore lack standing to bring this action; and

6) The Complaint is already or will be barred by *res judicata* once the *Koon Chun v. Star Mark* judgment (04 Civ. 2293 (JFB)(SMG)) is made final.

Dated: January 7, 2008                    ABELMAN FRAYNE & SCHWAB

_____
Lawrence E. Abelman (LA 6486)
Anthony A. Coppola (AC 3548)
John H. Choi (JC 1286)
666 Third Avenue
New York, New York, 10017
(212) 949-9022

*Counsel for Plaintiff*

-2-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2008, I caused a true and complete copy of the foregoing document:

- Notice of Defendant's Motion for Sanctions Against Plaintiffs Pursuant to Fed.R.Civ.P. 11(c)

to be served by email, facsimile and first class mail delivery upon:

        Bing Li, Esq.
        LAW OFFICES OF BING LI
        1350 Broadway
        Suite 1001
        New York, New York 10018-0947
        Attorneys for Defendants

_____