Lawrence E. Abelman
Jeffrey A. Schwab
Victor M. Tannenbaum
Peter J. Lynfield
Alan J. Hartnick
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Jonathan W. Gumport
Julie B. Seyler
Marie Anne Mastrovito
Joseph J. Catenzaro
Anthony A. Coppola
Richard L. Crisona
Ned W. Branthover
Anthony J. DiFilippi
Harry K. Ahn
Michael J. Schwab
Jennifer R. Waitman
Natasha J. Burns

Writer's Direct e-mail:
aacoppola@lawabel.com

# ABELMAN, FRAYNE & SCHWAB
Attorneys at Law

666 Third Avenue
New York, NY   10017-5612

Telephone: (212) 949-9022
Facsimile:   (212) 949-9190

Cable: LAWABEL New York
Telex: 661108 and 276592
Internet: e-mail@lawabel.com

Of Counsel:
Norman S. Beier
Alan D. Gilliland
Thomas E. Spath
Melvin L. Ortner
Constance Golden
J. David Dainow
David Toren

Jay S. Cinamon
Lori B. Cohen
Frank Terranella
Anthony J. Natoli
Steven M. Hertzberg
John H. Choi
John S. Price
Charles S. Stein
Frank S. Kalamajka
Theodore J. Pierson
Howard I. Grossman
Erica Rayburn Halstead
Kristen S. Ruisi

*Alexander Zinchuk
(*Registered Patent Agent)

October 22, 2008

**Via ECF Filing**
Hon. Joseph F. Bianco
United States District Court
   Eastern District of New York
100 Federal Plaza
Central Islip, New York 11201

Re:  **Star Mark Management, Inc. and Great Mark Corp.
v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.
CV 07: 3208 (JFB)(SMG)**

Dear Judge Bianco,

   We represent defendant Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") in this matter. Pursuant to the Court's Motion Practice Rule III A, we are writing to request a pre-motion conference in anticipation of filing a motion to dismiss the referenced action pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, if the Court deems appropriate, Koon Chun requests the Court's permission to immediately file the motion to dismiss without the need to hold the pre-motion conference.

   Koon Chun respectfully submits that the Complaint filed by Star Mark Management, Inc., Great Mark Corporation and Jimmy Zhan (hereinafter, "Star Mark") is frivolous and should be dismissed for a number of reasons, essentially as set forth in Koon Chun's Motion for Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. 11 (c) which has been filed concurrently with this letter. Although the arguments for the motion to dismiss that Koon Chun wishes to file are similar to the sanctions motion just filed, the two motions cannot be combined into one motion because Rule 11 (c)(2) mandates the filing of a separate motion.

   Koon Chun is available for the pre-motion conference for its motion to dismiss at the Court's earliest convenience. However, since Koon Chun has, in accordance with Fed. R. Civ. P. 11, already asked Star Mark's counsel to withdraw the Complaint and Plaintiff's counsel has refused, there has been for all intents and purposes a meet-and-confer on the issue, and it is respectfully submitted that a pre-motion conference is not necessary.


**ABELMAN, FRAYNE & SCHWAB**

Hon. Joseph F. Bianco
October 22, 2008
Page 2

      Hence, Koon Chun respectfully requests that (i) the Court waive the pre-motion conference requirement for the motion to dismiss so that Koon Chun may immediately file the motion to dismiss; (ii) permit Star Mark to respond to both the motion for sanctions and the motion to dismiss concurrently if they desire; and (iii) the Court set a briefing schedule, hear argument on and rule on the two motions concurrently.

      Koon Chun awaits the Court's instruction on the foregoing request for waiver and/or the scheduling of the pre-motion conference.

Respectfully submitted,

Anthony A. Coppola

AAC/tc
cc:    Bing Li, Esq. (Via ECF)
        Koon Chun Hing Kee Soy & Sauce Factory, Ltd.