UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

STAR MARK MANAGEMENT, INC., a New York
corporation, GREAT MARK CORPORATION, a
New York Corporation, and JIMMY ZHAN
a/k/a YI Q. ZHAN, individually and on
behalf of Star Mark Management, Inc.
and Great Mark Corporation,

                         *Plaintiffs*,

        -against-

KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD. a company organized
under the laws of Hong Kong,

                         *Defendant*.

-------------------------------------X

**NOT FOR PUBLICATION**

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

07-CV-3208 (KAM)(SMG)

**MATSUMOTO, United States District Judge:**

        Plaintiffs Star Mark Management, Inc., Great Mark

Corporation, and Jimmy Zhan a/k/a Yi Q. Zhan ("Zhan"),

(collectively, "plaintiffs" or "Star Mark") filed the instant

action against defendant Koon Chun Hing Kee Soy & Sauce Factory,

Ltd. ("defendant" or "Koon Chun") seeking declaratory judgment,

cancellation of a trademark held by Koon Chun, and additional

relief pursuant to the Trademark Act of 1946, 15 U.S.C. §§ 1051

et seq. (See ECF No. 1, Complaint.)  In September 2009, this

court granted Koon Chun's motion to dismiss the action pursuant

to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") and

further granted sanctions against plaintiffs and their counsel,

Bing Li, Esq. ("Li") pursuant to Federal Rule of Civil Procedure

11 ("Rule 11").  (See ECF No. 32, Memorandum & Order dated 9/8/09

("Memorandum & Order" or "M&O").)  This court referred

defendant's subsequent motion for attorney fees, expenses, and

post-judgment interest to Chief Magistrate Judge Steven M. Gold

for a report and recommendation ("Report & Recommendation" or

"R&R") pursuant to this court's authority under 28 U.S.C. §

636(b). (<u>See</u> Order Referring Motion dated 4/5/10.)

Now before the court are plaintiffs' and defendant's

timely objections to portions of Judge Gold's September 9, 2010

Report & Recommendation.  (ECF Nos. 46, R&R dated 9/9/10; 48,

Defendant's Objections to R&R dated 9/27/10 ("Def. Obj."); 49,

Plaintiffs' Objections to R&R dated 9/27/10 ("Pls. Obj.").)  For

the reasons set forth below, the court respectfully adopts the

Report & Recommendation in part and modifies it in part.


## STANDARD OF REVIEW

Where no objection to a Report and Recommendation has

been filed, the district court "need only satisfy itself that

that there is no clear error on the face of the record." <u>Urena</u>

<u>v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting

<u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

However, to the extent that a party makes specific and timely

objections to a magistrate's findings, the court must apply a *de*

*novo* standard of review.  <u>United States v. Male Juvenile</u>, 121

F.3d 34, 38 (2d Cir. 1997); 28 U.S.C. § 636(b)(1)(C).  Upon such

review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### DISCUSSION

Here, in light of the parties' timely objections, this court has undertaken a *de novo* review of the Report and Recommendation as well as the underlying pleadings and factual record upon which it is based.  28 U.S.C. § 636(b)(1)(C).

Judge Gold's Report and Recommendation solely addressed "the *amount* of fees and costs that should be awarded" under Rule 11 in light of this court's prior decision granting defendant's Rule 11 motion. (R&R at 3-4.)(emphasis in original).  Judge Gold recommended that judgment be entered jointly and severally against plaintiffs and their attorney, Bing Li, Esq. ("Li"), in the total amount of $105,037.02, comprised of $104,976.63 in attorneys' fees and $60.39 in costs, plus pre-judgment interest to be calculated by the Clerk of the Court at the time of judgment at a rate of 3.25% and accruing from September 8, 2009, the date on which this court granted defendant's Rule 11 motion for sanctions.  (R&R at 12.)  Judge Gold further rejected plaintiffs' argument that the sanction amount be reduced due to financial hardship on the grounds that plaintiffs' conclusory affidavits were insufficient to warrant such a reduction.  (Id.

3

at 9-10.)  However, Judge Gold invited plaintiffs and their
counsel during the time period for objections to submit
additional financial information in support of their claim of
financial hardship and he recommended that this court consider
such additional evidence in determining whether a reduction would
be appropriate.  (Id. at 10.)

In their objections, both parties object (for opposing
reasons) to that portion of the Report & Recommendation
addressing the consideration of plaintiffs' financial hardship as
well as to the portions of the Report & Recommendation addressing
the number of hours, hourly rates, and other costs submitted by
defendant's attorneys for their work on the Rule 12(c) motion to
dismiss the underlying action.  (See generally Pls. Obj., Def.
Obj.)  In addition, plaintiffs further object to the Report and
Recommendation's imposition of joint and several liability upon
plaintiffs and counsel and contend that the recommended award of
pre-judgment interest is unwarranted.  (Pls. Obj. at 2-4, 11-13.)
These objections are each discussed in turn.

## A. Reduction of the Award for Financial Hardship and Sanctions Under 28 U.S.C. Section 1927

Responding to Judge Gold's invitation to plaintiffs to
submit "additional evidence" to support "their claim of financial
hardship" (R&R at 10), plaintiffs have submitted under seal, with
access to opposing counsel, Supplemental Declarations and
exhibits by Zhan and counsel Li (together, "Supplemental

4

Declarations" or "Supp. Decls.") and request a reduction in the
amount of monetary sanctions "by such amount as the Court deems
appropriate." (Pls. Obj. at 5.) Meanwhile, while conceding that
financial hardship may be appropriately considered in connection
with an award of sanctions under Rule 11, defendant insists that
if the court does consider such financial circumstances, the
court should also consider sanctions against Li under 28 U.S.C. §
1927 ("Section 1927") because "the inability to pay is not a
factor to be considered for an award under that section of the
law and defendant deserves to be compensated for its litigation
expenses in this action." (Def. Obj. at 6-7.)

### 1. Reduction for Financial Hardship

First, as noted, neither party disputes the Report and
Recommendation's correct statement of the law that a court may
appropriately consider financial hardship when imposing Rule 11
sanctions. (see R&R at 9-10 (quoting Oliveri v. Thompson, 803
F.2d 1265, 1281 (2d Cir. 1986) (noting that it is "well within
the district court's discretion to temper the amount to be
awarded against an offending attorney [pursuant Rule 11] by
balancing consideration of his ability to pay").) However,
defendant objects that if the court permits plaintiffs and Li to
"claim a hardship in paying" the Rule 11 sanctions, defendant
will be "unjustifiably harmed" because defendant will not be
fully compensated for the amount of attorneys fees and costs it

5

expended defending against plaintiffs' frivolous action.  (Def. Obj. at 5-7.)

As an initial matter, the court notes that by its terms, Rule 11 limits sanctions "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11.  Thus, the purpose of a Rule 11 sanction "is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses."  <u>Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.</u>, 28 F.3d 259, 266 (2d Cir. 1994).  Indeed, Rule 11 "is not a fee-shifting mechanism."  <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 369 F.3d 91, 98 (2d Cir. 2004) (internal quotation marks omitted).

Here, having duly examined and considered the Supplemental Declarations submitted under seal by Zhan and Li, the court finds that the sworn affidavits and supporting documentation indicate that plaintiffs have a demonstrated inability to pay an already outstanding judgment in favor of defendant, and that Li, a solo practitioner, has four dependants and limited means to satisfy a judgment in the recommended amount of $105,037.02.  (<u>See generally</u> Supp. Decls.)  Based on this sufficient evidence of hardship, the limited purposes of Rule 11 sanctions, and the court's wide discretion in determining an appropriate amount for such sanctions, the court finds that a

6

reduction in the total amount of the sanctions award is warranted.  See Estate of Calloway v. Marvel Entm't Group, 9 F.3d 237, 241 (2d Cir. 1991) (noting that "sanctions in excess of an attorney's net worth may serve no useful purpose"); see also Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch, 28 F.3d at 266 (recognizing court's discretion under Rule 11).  Accordingly, in its discretion the court grants plaintiffs' objection to the Report & Recommendation and reduces the sanctions award to a total of $10,000, inclusive of costs.

### 2. Sanctions Under Section 1927

Second, defendant's request that the court now reconsider the imposition of sanctions pursuant to Section 1927 is both untimely and rejected on the merits.  This court's September 2009 Memorandum and Order granted sanctions under Rule 11 against plaintiffs and their counsel and expressly declined to consider the award of sanctions pursuant to Section 1927.  (M&O at 36.)  Defendants did not timely seek reconsideration of the court's decision.  Accordingly, Judge Gold's Report & Recommendation exclusively addressed the appropriate amount of Rule 11 sanctions and declined to address the possibility of sanctions under Section 1927.  (See generally R&R.)  Defendant's objection to the lack of sanctions under Section 1927 is thus unrelated to the instant Report & Recommendation, and therefore cannot be appropriately considered as objections to that Report.

Rather, defendant's objections under Section 1927 relate to
matters previously decided by this court's September 2009
Memorandum and Order, and as such, the objection may more
appropriately be considered, if at all, as a motion for
reconsideration.  Defendant's apparent motion for reconsideration
is denied on two grounds.

As an initial matter, defendant's motion for
reconsideration is untimely.  At the time of this court's
September 2009 Memorandum & Order, Local Civil Rule 6.3[1] required
that timely motions for reconsideration be filed within ten days
of the court's determination of the original motion.  Here, the
court issued its decision declining to award sanctions under
Section 1927 on September 8, 2009.  Defendant again raised the
issue of Section 1927 sanctions in a footnote to their motion for
attorneys' fees and costs filed on September 30, 2009, more than
ten days after this court's determination on the original motion.
(See ECF No. 33-1, Memorandum of Law in Support of Motion for
Attorney's Fees at 3 n.2.)  As such, to the extent that the
footnote in defendant's motion can be construed as a request for
reconsideration, the motion was untimely.  Moreover, the instant
objections, which again address defendant's request for sanctions

---

[1]    The Local Civil Rules were amended effective December 1, 2009,
and the time period for a timely motion for reconsideration was
extended to fourteen days after the court's determination of an
original motion.  Defendant's objections are also untimely under that
extended fourteen day time period.

under Section 1927, were filed on September 27, 2010, almost a year after the courts Memorandum & Order.  Accordingly, to the extent defendant's instant objections again seek reconsideration of this court's prior order, the objections are untimely and are denied on that basis.

The court also rejects the motion for reconsideration on the merits.  The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. See Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).  In addition, the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Here, defendant has failed to meet this exacting standard for motions for reconsideration.  First, defendant presents no controlling legal authority overlooked by this court. This court was, and is, well-aware of the Second Circuit's very stringent standard for imposing Section 1927 sanctions.  See, e.g., Dow Chem. Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986) ("we have declined to uphold awards under the bad-faith exception absent both clear evidence that the

challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes.") (internal quotation marks omitted). Further, defendant is incorrect in suggesting that when awarding sanctions under Rule 11, this court must also, as a matter of law, explicitly and separately consider sanctions under Section 1927. (See Def. Obj. at 6 (quoting United States v. Int'l Brotherhood of Teamsters, 948 F.2d 1338, 1346 (2d Cir. 1991).) Defendant is certainly correct that in International Brotherhood, the Second Circuit instructed that "separate consideration of the available sanctions machinery [under Rule 11 and Section 1927] is not only warranted, but necessary for meaningful review." 948 F.2d at 1346. However, the Second Circuit's admonition in that case was triggered by the district court's failure to bifurcate its analysis of the two types of sanctions when it awarded sanctions under both provisions, which created a record "too obscure" to allow for "meaningful" appellate review. Id. at 1346-47. Thus, the Second Circuit's caution in that case neither limited a district court's broad discretion to impose sanctions nor added any additional requirement that a district court must *also* consider Section 1927 sanctions on any occasion where the court exercises its discretion to impose sanctions under Rule 11. See generally id.

Rather, International Brotherhood merely stands for the

proposition that when a district court does impose sanctions under Rule 11 and Section 1927, it must account for the "significant differences" between Rule 11 and Section 1927 and separately consider and determine the appropriate sanctions under each regime and thus may not collapse the analysis of the provisions. Id. 1345. Here, the court separately considered the controlling law for Rule 11 sanctions and determined the appropriateness of sanctions under that regime, and then declined to consider and impose additional sanctions under Section 1927. (See M&O at 31-36.) Thus, far from a controlling precedent overlooked by the court in its original determination of the motion, this court's bifurcated analysis in its original decision fully comported with the rule of International Brotherhood.

Second, defendant fails to present factual matter overlooked by the court. On the record before the court both in September 2009 and today, the court finds insufficient facts to conclude, with the required high degree of factual specificity, that Li acted to harass, delay, or for other improper purposes, and/or in bad faith, warranting Section 1927 sanctions. See Dow Chem. Pacific Ltd., 782 F.2d at 344 (reversing award of attorney fees because the award amounted to no more than a restatement of criticisms of the "American Rule" and did not provide sufficient factual support for finding of required bad faith).

Accordingly, even if the court were to overlook the

untimeliness of defendant's objection, the court would reject the request to reconsider its original order on the merits and decline to impose sanctions against Li under Section 1927.

## B. Hours and Rates for Defendant's Attorneys

Plaintiffs further object to the Report and Recommendation in connection with the attorney fee rates and the number of hours for defendants' Rule 12(c) motion – even as reduced by Judge Gold, while defendant objects that the Report and Recommendation's 35% across the board reduction for attorneys' fees is excessive and that disbursement of legal research fees should be awarded. (Pls. Obj. 4-8; Def. Obj. 3-7). In light of the deterrent purpose of Rule 11 sanctions and the reduction in the total fee award on the basis of financial hardship, both discussed above, these arguments are moot and the court declines to further address them. On Time Aviation v. Bombardier Capital, Inc., 354 Fed. App'x. 448, 452 (2d Cir. 2009) (upholding district court's award of Rule 11 sanction which "only considered the hours defense counsel spent answering plaintiff's attorney's own sanctions motion and used rates significantly lower than those actually charged by defendant's attorneys" given the deterrent purposes for which Rule 11 was designed).

## C. Plaintiffs' Remaining Objections

Plaintiffs further request that the court "allocate liability equally between Star Mark and counsel" because as a

practical matter, "[i]mposing joint liability will necessarily require counsel to be solely responsible for the full amount of the monetary sanction" given plaintiffs' inability to pay.[2] (Pls. Obj. at 6-7.)  Here, the reduction in the total award discussed above largely moots plaintiffs' argument as a practical matter. Moreover, this court accepts the analysis set forth in the Report and Recommendation (R&R at 12), as consistent with <u>Estate of Calloway</u>, 9 F.3d at 239, which found joint and several liability appropriate where "[t]he Rule 11 violation was . . . a coordinated effort."  <u>id.</u>  Accordingly, the objection to joint and several liability for the Rule 11 sanctions is denied.

Finally, plaintiffs assert that the award of pre-judgment interest in the Report and Recommendation is unwarranted.  (Pls. Obj. 11-13.)  As discussed above, the court will reduce the total sanctions award based upon the showing of financial hardship by plaintiffs and their attorney. Accordingly, and for the same reasons, while the court accepts the correct analysis and reasoning set forth in Judge Gold's Report & Recommendation with respect to the award of pre-judgment interest, the court will modify the Report and Recommendation to the extent that the court declines to award pre-judgment interest for the reasons of financial hardship discussed above.

---

[2]     The court notes that in connection with this specific objection, plaintiffs' counsel appears to advocate a position in conflict with his clients' interests.  However, because the court rejects this argument on the

13

## CONCLUSION

For the reasons set forth above, Magistrate Judge Gold's well-reasoned and thorough Report and Recommendation is adopted in all respects and the parties' objections are denied with the exception that, based upon the showing of financial hardship by plaintiffs and their attorney, the total sanctions award is reduced to $10,000, comprised of $9,939.61 in attorneys' fees and $60.39 in costs, and no pre-judgment interest is awarded. The Clerk of the Court is respectfully requested to enter judgment in accordance with this order and to close the case.

**SO ORDERED.**

Dated:    September 30, 2010
          Brooklyn, New York

                                   _____ /s/_____
                                   **Kiyo A. Matsumoto**
                                   United States District Judge

---

merits, the issue of conflict need not be addressed further.