```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

STAR MARK MANAGEMENT, INC., a New York
corporation, GREAT MARK CORPORATION, a
New York Corporation, and JIMMY ZHAN
a/k/a YI Q. ZHAN, individually and on
behalf of Star Mark Management, Inc.
and Great Mark Corporation,

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
07-CV-3208 (KAM)(SMG)

                *Plaintiffs*,

    -against-

KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD. a company organized
under the laws of Hong Kong,

                *Defendant*.

```
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

        This court previously dismissed this trademark infringement action under Federal Rule of Civil Procedure 12(c) and imposed sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") against plaintiffs Star Mark Management, Inc., Great Mark Corporation, and Jimmy Zhan a/k/a Yi Q. Zhan ("Zhan"), (collectively, "plaintiffs") and their attorney, Bing Li, Esq. ("Li") in the form of an order directing payment of attorney fees and costs to defendant Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("defendant"). (See ECF No. 1, Compl.; see also ECF No. 32, Memorandum & Order dated 9/8/09.) In addition, by order dated September 30, 2010 ("September 30 Order" or "9/30/10 Order"), this court adopted a September 9, 2010 Report and Recommendation ("R&R") prepared by Chief Magistrate Judge Steven M. Gold but

modified the R&R by reducing the total award of sanctions under Rule 11 based upon this court's discretion, the showing of financial hardship by plaintiffs and Li, and the limited purposes of Rule 11 sanctions. (See ECF No. 52, 9/30/10 Order; see also ECF No. 46, R&R dated 9/9/10.) Defendant now moves for reconsideration of the court's September 30 Order. (See ECF No. 53, Notice of Motion for Reconsideration dated 10/12/10; Sealed Memorandum of Law in Support of Motion for Reconsideration dated 10/12/10 ("Mem."); ECF No. 58, Sealed Memorandum of Law in Opposition to Motion for Reconsideration dated 10/26/10 ("Opp."); ECF No. 59, Sealed Reply Memorandum dated 10/27/10 ("Reply Mem.").) For the reasons set forth below, the motion for reconsideration is denied.

**STANDARD OF REVIEW**

"A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Indeed, "[t]he standard for granting a [motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The decision whether to grant or deny a motion

for reconsideration lies squarely within the discretion of the district court.  See Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

## DISCUSSION

Here, while professing to concur with the proper legal standard applied by this court in the September 30 Order, defendant actually argues indirectly that the court erred in its determination of the proper sanction amount when it considered not only plaintiffs' evidence of financial hardship, but also "the limited purposes of Rule 11 sanctions, and the court's wide discretion."  (See September 30 Order at 6.)  Additionally, defendant argues explicitly that reconsideration is necessary because this court overlooked factual data in finding that plaintiffs and Li proffered sufficient evidence of financial hardship to warrant an equitable reduction in the total settlement amount pursuant to this court's broad discretion. (Mem. at 6; Reply Mem. at 6-7.)

Because defendant fails to identify either any legal precedent or factual matter overlooked or which might reasonably be expected to alter the conclusions previously reached by this court, the motion for reconsideration is denied.

**1. Defendant Fails to Identify Any Controlling Legal Authority Overlooked by this Court**

While acknowledging this court's "wide discretion in determining the appropriate amount for sanctions," defendant asserts that when making such determinations, the controlling "consideration is the 'ability to pay'" and that therefore, "when no substantial [financial] hardship is shown, reduction [in the amount of the award] is not warranted." (See Reply Mem. at 4, 9 (citing Oliveri v. Thompson, 803 F.2d 1265, 1281 (2d Cir. 1986)).) Thus, although defendant apparently agrees with the legal standard applied by the court in the September 30 Order, defendant essentially disputes the propriety of that standard. (see Mem. at 7-8; see also Reply Mem. at 3-8.)

Defendant acknowledges that when determining the appropriate amount of Rule 11 sanctions, this court appropriately considered the showing of financial hardship and ability to pay by plaintiffs and Li. See Oliveri, 803 F.2d at 1281 (noting that it is "well within the district court's discretion to temper the amount to be awarded against an offending attorney [pursuant Rule 11] by balancing consideration of his ability to pay"). Defendant, however, misconstrues the correct legal standard to the extent defendant suggests that "ability to pay" is the "critical" or controlling consideration a court must address in determining Rule 11 sanctions. (See Mem. at 6-7; Reply Mem. at 4-6.) Rather, in exercising its broad discretion to impose Rule

11 sanctions in an appropriate amount, this court must also contemplate the limited permissible purposes for Rule 11 sanctions.  See Fed. R. Civ. P. 11 (limiting Rule 11 limits sanctions "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated"); see also id. Advisory Committee Note (1993) ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct . . . ."); Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994) ("principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses").

Here, pursuant to these controlling authorities and applying its "wide discretion," the court considered not only plaintiffs' and Li's ability to pay, but also "the limited purposes of Rule 11 sanctions" when it concluded that a reduced sanction award was appropriate and sufficient for deterrence in this case.  (See September 30 Order at 6.)  Defendant cites cases which are inapposite support of its position that the sole consideration for determining Rule 11 sanctions should be the "ability to pay."  (See, e.g., Reply Mem. at 5 (citing Ragin v.

Macklowe, 6 F.3d 898, 910-11 (2d Cir. 1993) (discussing evidence appropriately considered in determining whether party "met the criteria established in the unamended" Fair Housing Act statute for attorney's fees, 42 U.S.C. § 3612(c) (1982)).) Alternatively, defendant cites cases which are either non-binding or pre-dating the 1993 amendments to the Federal Rules, and which do not diminish, or even contradict, the appropriateness of considering both a sanctioned party's ability to pay along with the limited deterrent purposes of Rule 11 sanctions. (See generally Reply Mem. at 3-6 (citing, *inter alia*, a Fourth Circuit case decided in 1990, a Sixth Circuit case decided in 2009, Tenth Circuit cases decided in 1990 and 1991, and a Federal Circuit case decided in 2000).) Thus, far from comprising "controlling decisions" overlooked by this court which "might reasonably be expected to alter the conclusion reached by the court," see Shrader, 70 F.3d at 257, the decisions cited by defendant merely support the view that a sanctioned party's ability to pay is an appropriate factor – but not necessarily the only factor – that may be considered by a court imposing Rule 11 sanctions. (See, e.g., Reply Mem. at 4.) Accordingly, to the extent defendant seeks reconsideration of the September 30 Order on the basis of legal authority purportedly overlooked by this court, the motion is denied. See id.

## 2. Defendant Fails to Identify any Factual Matters Overlooked or Which Might Alter the Conclusions Reached by this Court

As further basis for its motion for reconsideration defendant contends that the court overlooked factual matters in its September 30 Order including: (1) Li's "principal responsibility for the initiation of this frivolous lawsuit;" (2) "considerable questions" surrounding plaintiffs' financial status; and (3) sufficient evidence upon which to conclude that Li "is able to pay the amount of sanctions recommended in the R&R without incurring any financial hardship." (See Mem. at 3-6; see also Reply Mem. at 8.)  None of these asserted factual matters materially change the record before the court, nor alter the conclusions previously reached by this court.

### a. Li's "Primary Responsibility" for the Lawsuit

First, defendant vigorously re-argues that Li "should bear principal responsibility (and sanctions) for the entire improperly filed lawsuit."  (Mem. at 5-6.)  Yet defendant neglects to even suggest any controlling law or factual matters in connection with this issue that were overlooked by the court when it imposed joint and several liability for the Rule 11 sanctions on plaintiffs and Li.  Rather, defendant's argument is premised upon the same facts and law previously presented to and considered by this court.  Defendant's regurgitated arguments fall far short of the "stringent" standard for motions for

7

reconsideration, see Shrader, 70 F.3d at 257, and defendant's motion for reconsideration on the basis of Li's "principal responsibility" for the action is therefore denied.

### b. "Questions" Concerning Plaintiffs' Financial Status

Second, defendant contends that the court overlooked "findings" by Judge Gold regarding a "lack of credibility" inherent in the financial filings by plaintiffs which were presented to Judge Gold in a separate action and considered by this court in connection with the September 30 Order. (Mem. at 3-4.) Specifically, defendant asserts that the court was unable to consider Judge Gold's September 22, 2010 order ("September Discovery Order") in a separate action which noted "a lack of candor on the part of Zhan" and accordingly ordered additional discovery targeted at uncovering any assets potentially available to satisfy defendant's outstanding judgment against plaintiffs in that action. (Id. (citing Koon Chun King Kee Soy & Sauce Factory Ltd. v. Star Mark Mgmt. Inc., No. 04-cv-2293, ECF No. 275 (E.D.N.Y. Sept. 22, 2010) (order denying in part motion to quash subpoenas and granting additional discovery)).[1]

---

[1] There is no dispute that the September Discovery Order was not previously before this court. However, to the extent defendant appears to argue that this court improperly denied it an opportunity to present the September Discovery Order for the court's consideration when it did not allow the parties to respond to one another's objections to the R&R (Mem. at 1; Reply Mem. at 3), the court finds the argument meritless. See 28 U.S.C. § 636(b)(1) (providing fourteen day objection period without replies for matters referred to a magistrate judge); Fed. R. Civ. P. 72(a) (providing fourteen day

8

However, Judge Gold's observation regarding Zhan's apparent lack of transparency merely supports Judge Gold's finding, in the context of a discovery motion, that further discovery was warranted. (<u>See generally</u> September Discovery Order.) Defendant's characterizations notwithstanding, Judge Gold's remark is not a binding – or more importantly, conclusive – "finding" capable of altering this court's previously considered conclusion that plaintiffs' financial documents indicated "a demonstrated inability to pay an already outstanding judgment in favor of defendant." (<u>See</u> September 30 Order at 6.) Moreover, as noted above and in the September 30 Order itself, the court based its conclusion that a reduced sanction award was appropriate not only upon plaintiffs' evidence of financial hardship, but also upon "the limited purposes of Rule 11 sanctions, and the court's wide discretion in determining an appropriate amount for such sanctions." (<u>See</u> <u>id.</u>) Thus, despite defendant's urging, Judge Gold's discovery order does not materially alter the factual record before the court.

In light of this materially unchanged factual record, the court is unmoved to reconsider its broad discretionary determination of the appropriate amount of Rule 11 sanctions

---

objection period without replies for non-dispositve matters referred to a magistrate judge) Defendants had more than ample time to present its legal and factual arguments for the court's consideration and should not be heard to argue, on a motion for reconsideration, that additional facts should now be considered.

necessary to deter future violations.  See, e.g., Fed. R. Civ. P. 11 Advisory Committee Note (1993) ("what sanctions, if any, to impose for a violation are matters committed to the discretion of the trial court").  Accordingly, the motion for reconsideration on the basis of purported "questions" regarding plaintiffs' financial status is denied.

### c. Li's Ability to Pay the Recommended Sanctions Award

Finally, and similarly, defendant argues that when this court determined that Li had demonstrated sufficient evidence of financial hardship to warrant a reduction in the total sanction award, this court overlooked "what was not submitted" by Li, including the schedules to Li's tax returns, the income, expenses, or assets of Li's law practice, additional property that Li may own or have an interest in, the present market value of Li's house, and Li's bank account balances.  (Mem. at 7-8; Reply Mem. at 4-8.)  Defendant invites the court to either speculate that a review of this additional information would materially alter the court's prior conclusions that Li demonstrated financial hardship, or to speculate and "infer[]" outright that because Li's submissions were allegedly "incomplete," Li "is able to pay the recommended sanction without any financial difficulty."  (See Reply Mem. at 9.)

The court, in its discretion, declines defendant's invitation to speculate.  Rather, the court finds insufficient

evidence to conclude, in its discretion, that this catalogue of "incomplete" or purportedly missing information would alter this court's prior conclusions. Accordingly, and for the same reasons previously explicitly identified in the September 30 Order, in the exercise of its broad discretion to fashion an appropriate remedy to the instant Rule 11 violation, the motion for reconsideration on the basis of allegedly "incomplete" information from Li is denied. See Devlin, 175 F.3d at 132 (whether to grant or deny a motion for reconsideration is a decision committed to the discretion of the district court); see also Caisse Nationale, 28 F.3d at 266 (recognizing district court's discretion under Rule 11).

## CONCLUSION

For the reasons set forth above, defendant's motion for reconsideration of this court's September 30 Order is denied in its entirety. The Clerk of the Court is respectfully requested to enter judgment in accordance with the September 30 Order and to close the case.

**SO ORDERED.**

Dated: November 23, 2010
       Brooklyn, New York

                                                     /s/
                                   **Kiyo A. Matsumoto**
                                   United States District Judge